```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

```
WADE PARKER,                      :
                                  :
     Plaintiff,                   :
                                  :
     v.                           :    CASE NO. 3:03CV1942(RNC)
                                  :
STATE OF CONNECTICUT, ET AL.,     :
                                  :
     Defendants.                  :
```

RULING ON MOTION FOR SANCTIONS

Pending before the court is the defendant Elizabeth Weingart's motion for sanctions pursuant to Fed. R. Civ. P. 11.  (Doc. #82).[1] The defendant seeks attorneys' fees and expenses incurred in defending this litigation.  For the following reasons, the motion is DENIED.

I.   Background

In 2003, the plaintiff commenced this action alleging that the defendants[2] violated his federal and state constitutional rights

---

[1]Chief Judge Robert N. Chatigny referred the motion to the undersigned for a ruling.  (Doc. #85.)  Because this case has already been dismissed, a decision on whether to issue Rule 11 sanctions is not dispositive.  See, e.g., Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders, Inc., 174 F.R.D. 301, 304 (S.D.N.Y. 1997) (magistrate judge's ruling on Rule 11 motion for sanctions was not dispositive of any claim or defense and was reviewed under the "clearly erroneous standard").

[2]The plaintiff originally named as defendants:  State of Connecticut Department of Children and Families ("DCF"), DCF Commissioner Darlene Dunbar, DCF Regional Administrator George Doyle, DCF Supervisor Christine Lupke, DCF Program Supervisor Robert Allensworth, DCF Program Supervisor Marty Dituccio, Connecticut Junior Republic Association, Inc., Mary Buel Memorial, Inc., CJR Fund, Inc., Buel Real Estate, Inc., Michael Mallory and

while he was committed to the State of Connecticut Department of Children and Families.  In addition to constitutional claims, the plaintiff alleged state law claims of emotional distress, assault and battery.  As to the defendant Weingart, the plaintiff's former teacher at the Connecticut Junior Republic, the plaintiff alleges that she engaged in sexual conduct and drug use with him causing him to suffer permanent and disabling psychological injuries.  Both the complaint and the amended complaint[3] contain a "Certificate of Reasonable Inquiry and Good Faith" signed by plaintiff's counsel indicating that they "made a reasonable inquiry, as permitted by the circumstances, to determine whether there [were] grounds for a good faith belief that there ha[d] been negligence in the care or treatment of the claimant."  (Doc. ##1, 28.)

In April 2005, the court granted the motion of counsel for the plaintiff to withdraw their appearances because of the plaintiff's "unwillingness to cooperate with counsel.[4]  (Doc. ##76, 77, 80.) The court subsequently dismissed the case when the plaintiff failed

---

Elizabeth Weingart.  On July 1, 2004, plaintiff withdrew his claims against all defendants except Weingart.  (Doc. #57.)

[3]The plaintiff filed an Amended Complaint on February 27, 2004 (doc. #28) which did not alter the allegations in any way but added "as-yet unknown John and Jane Does" as defendants.

[4]In their memorandum of law, counsel indicate that after the depositions in the case had concluded the plaintiff moved to Indiana to live with his father. (Doc. #88 at 2.)  Communication then deteriorated, prompting them to move to withdraw their appearances.  (Id.)

2

to file a pro se appearance or appear through new counsel as required by the court's order. (Doc. #78.)

Thereafter, the defendant Weingart filed the instant motion for Rule 11 sanctions.[5]

## II. Legal Standard

Fed. R. Civ. P. 11 provides in pertinent part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

. . .

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

"Rule 11 imposes an affirmative duty of reasonable investigation on an attorney signing any paper. . . . What constitutes a reasonable pre-filing investigation depends on the circumstances of each case. . . ." Beverly Gravel, Inc. v. DiDomenico, 908 F.2d 223, 225 (7th Cir. 1990). "In deciding whether the signer of a pleading, motion or other paper has crossed the line between zealous advocacy and plain pettifoggery, the court applies an objective standard of reasonableness." United States v.

---

[5] Defendant Weingart previously had filed a similar motion for sanctions on August 6, 2004. (Doc. #63.) That motion was denied by the court on September 8, 2004 without prejudice to refiling at the end of the litigation. (Doc. #67.)

3

International Brotherhood of Teamsters, 948 F.2d 1338, 1344 (2d Cir. 1991).  "Rule 11 sanctions are an extreme remedy, such that '[w]hen divining the point at which an argument turns from merely losing to losing *and* sanctionable . . . district courts [must] resolve all doubts in favor of the signer.'"  United States Fire Ins. Co. v. United Limousine Serv., Inc., 303 F. Supp. 2d 432, 455 (S.D.N.Y. 2004).

Courts determine whether a Rule 11 violation has occurred by "focusing on the situation existing when the paper was signed . . . .  The Court must not allow hindsight to skew its judgment." International Brotherhood of Teamsters, 948 F.2d at 1344; accord Storey v. Cello Holdings L.L.C., 347 F.3d 370, 391 (2d Cir. 2003) An attorney is "entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable."  Calloway v. Marvel Entertainment Group, 854 F.2d 1452, 1470 (2d Cir. 1988), rev'd sub nom. on other grounds, Pavelic & LeFlore v. Marvel Entertainment Group, 493 U.S. 120 (1989).  Rule 11 is violated only when it is "patently clear that a claim has absolutely no chance of success."  Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) (citing Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)).  "Isolated factual errors do not ordinarily warrant the imposition of sanctions if the pleading, motion or other paper as a whole is well grounded in fact."  Yahaya v. Hua, No. 87 Civ. 7309 (CES), 1989 WL

214481, *6 (S.D.N.Y. Nov. 28, 1989) (citing Forest Creek Assoc., Ltd. v. McLean Sav. & Loan Ass'n, 831 F.2d 1238, 1244-45 (4th Cir. 1987)); see also Veliz v. Crown Lift Trucks, 714 F. Supp. 49, 58 (E.D.N.Y. 1989) ("[w]hether meritless elements of a complaint combine to render the pleading frivolous as a whole is a 'matter for the Court to determine, and this determination involves matters of judgment and degree'") (citations omitted).  "The imposition of sanctions and the determination of the amount of the sanctions are matters left to the district court's discretion . . . ."  Savino v. Computer Credit, Inc., 164 F.3d 81, 88 (2d Cir. 1998).

III. Discussion

 The defendant moves for Rule 11 sanctions on the grounds that the allegations in the complaint were not supported by the evidence and that counsel failed to make a reasonable prefiling investigation to determine whether the allegations were well-grounded in fact.  (Doc. #82 at 1.)  The defendant argues that plaintiff's counsel unreasonably relied only on factual claims made by their client -- someone known to have an extensive record of assault, lying, theft and drug use.  (Doc. #82 at 13-15.)  She further claims that the complaint contains factual inaccuracies and identifies a number of specific facts and/or dates in the Complaint that she believes were proven to be incorrect during discovery.[6]

---

[6]Most of the claimed errors are specific dates.  (Doc. #83 at 16-23; Complaint ¶¶ 1, 7, 11, 13, 18, 27, 31.) For a majority of these events, defendant does not challenge that they actually

In response, former counsel for the plaintiff argue that the plaintiff's allegations as to the defendant Weingart were objectively reasonable. (Doc. #88.) Specifically, counsel argue that the deposition testimony, physical evidence, correspondence and witness statements support the factual allegations in the complaint. (Doc. #88 at 7.) Counsel argue that, under the circumstances, they conducted a reasonable prefiling investigation[7] and reasonably relied on the "consistency, constancy and detail" of the plaintiff's factual allegations. (Id. at 13-18.)

Plaintiff's Evidentiary Support

The allegations in the plaintiff's complaint were not without a reasonable factual basis for purposes of Rule 11. In addition to the plaintiff's own statements, counsel proffered two letters the defendant Weingart sent to the plaintiff that reasonably can be construed to indicate an amorous relationship between the plaintiff

---

happened, but believes they happened at different times than alleged in the Complaint. Other facts that the defendant claims were wrong pertain solely to other defendants, such as the Connecticut Junior Republic. (Doc. #83 at 18.) The defendant denies the plaintiff's allegations of sex and drug use. She does not target those allegations, however, in her Rule 11 motion.

[7]Former counsel for the plaintiff also argue that they had limited time to conduct an investigation and file the complaint on plaintiff's behalf because the statute of limitations was set to expire. Under those circumstances, counsel argue, any misstatements of fact in the complaint should be excused. Counsel do not submit an affidavit or any other evidence, however, to indicate exactly when they began their representation of the plaintiff and when the statute of limitations was scheduled to expire.

and the defendant.[8]  In addition to the correspondence, it is undisputed that the defendant and the plaintiff visited a tattoo parlor together to obtain matching tattoos.  (Weingart Depo. at 126.)  Defendant Weingart falsely represented that she was the mother of the minor plaintiff so he could obtain his tatoo. (Id. at 120-30.)  The plaintiff and defendant got the same tattoo, an Asian symbol meaning "loyal".  (Id. at 128.)  Additional evidence includes a witness for the plaintiff who corroborated the plaintiff's claims.  According to the witness, defendant Weingart consumed drugs and alcohol with the plaintiff during a party at a

---

[8]Relevant passages of the letters include:

"There is no doubt that we are deeply connected."  (Id.)

"I have found myself wondering on too many occasions if you simply used me for the most you could get out of me, until there was no more."  (Id., Ex. 6.)

"You know that true love is what one can do for or give to another.  I did that."  (Id.)

"I do think of you often, as I always have.  Many of the memories are painful, many involve you hurting me, most involve me giving and you taking.  We need to make new memories that don't intertwine pleasure with pain; memories that are clear demonstrations that I mean the world to you."  (Id.)

"I need to know how it is you see the future for us.  How do you envision me in your life?  One of the things I have realized is that due to my feelings for you, I allowed myself to tolerate extremely deceitful, painful actions, words and situations from you.  We can't move forward until we both share honestly what it is that we want and need from the other and determine if each of us is capable of providing it for the other."  (Weingart Depo., Ex. 5.)

7

hotel.  The witness said the two behaved romantically at the party. (Doc. #88, Ex. 6.)  Weingart conceded in her deposition that she attended the party and drank alcohol there.  (Weingart Depo. at 132.)  Lastly, counsel present evidence that defendant Weingart previously had received a reprimand at Connecticut Junior Republic for an inappropriate relationship with a different male student. (Doc. #88 at 8-10.)

Based on the foregoing, the plaintiff's allegations were not without some evidentiary support.⁹  The factual errors cited by the defendant do not render the complaint as a whole frivolous.  <u>Yahaya v. Hua</u>, 1989 WL 214481 at *6 ("Isolated factual errors do not ordinarily warrant the imposition of sanctions if the pleading, motion or other paper as a whole is well grounded in fact") (citing <u>Forest Creek Assoc., Ltd. v. McLean Sav. & Loan Ass'n</u>, 831 F.2d 1238, 1244-45 (4th Cir. 1987)).  Because the factual allegations of the complaint were not without a reasonable factual basis, a specific analysis of counsel's pre-filing inquiry is therefore not necessary.  See <u>Hadges v. Yonkers Racing Corp.</u>, 48 F.3d 1320, 1329-30 (2d Cir. 1995) (when an objectively reasonable evidentiary basis for the claim is demonstrated during pretrial proceedings or at trial, "no inquiry into the adequacy of the attorney's pre-filing investigation is necessary") (quoting <u>Calloway v. Marvel</u>

---

⁹The inquiry under Rule 11 is focused on whether the plaintiff's factual assertions were sufficiently grounded in fact for purposes of Rule 11.  Denial of a motion is no indication of how the parties would have fared at trial.

8

Entertainment Group, 854 F.2d 1452, 1470 (2d Cir. 1988)).

IV.  Conclusion

For these reasons, the defendant's motion for sanctions pursuant to Fed. R. Civ. P. 11 (doc. #82) is denied.

SO ORDERED at Hartford, Connecticut this 31st day of March, 2006.

```
             _____/s/_____
             Donna F. Martinez
             United States Magistrate Judge
```